IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN YOUNGER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-3269 |
| JEMIAH L. GREEN, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiff Kevin Younger ("Plaintiff" or "Younger"), brought this action against Sergeant Jemiah Green ("Green"), Sergeant Kwasi Ramsey ("Ramsey"), and Correctional Officer Richard Hanna ("Hanna") of the Maryland Department of Public Safety & Correctional Services ("DPSCS"), alleging that Green, Ramsey, and Hanna assaulted him while he was incarcerated in the Maryland Reception, Diagnostic & Classification Center ("MRDCC"). In addition to Green, Ramsey, and Hanna, Younger also sued three supervisory employees: former MRDCC Warden Tyrone Crowder ("Crowder"), Major Wallace Singletary ("Singletary"), and Lieutenant Neil Dupree ("Dupree").

This case proceeded to a jury trial on January 21, 2020 against Defendants Green, Ramsey, Hanna, Crowder, Singletary, and Dupree. On January 29, 2020, this Court granted Defendant Singletary's Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a), entering judgment in favor of Singletary. (ECF No. 245.) On February 3, 2020, the jury returned a verdict in favor of Plaintiff against Defendants

Crowder, Dupree, Green, Hanna, and Ramsey in the amount of $700,000.00. (ECF Nos. 265, 266.)

Currently pending before this Court is Plaintiff's *pro se* Motion for Contempt. (ECF No. 336.) Plaintiff's submission has been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Plaintiff's Motion for Contempt (ECF No. 336) is DENIED WITHOUT PREJUDICE.

## ANALYSIS

Plaintiff argues that Defendant Hanna and his employer Gilbane Building Co. should be held in contempt because they are not complying with this Court's Writ of Garnishment of Wages (ECF No. 309).[1] To establish civil contempt, Plaintiff "must establish each of the following elements by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's 'favor'; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that movant suffered harm as a result." *Schwartz v. Rent-A-Wreck of America*, 261 F. Supp. 3d 607, 612 (D. Md. 2017) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000). In this case, Plaintiff has come forward with no evidence that Defendant Hanna and Gilbane are violating the terms of the Writ of Garnishment. Plaintiff may renew his motion if and when he is able to present this Court with evidence that Defendant Hanna and Gilbane have

---

[1] The Writ of Garnishment is directed to Gilbane Building Co., and orders Gilbane to withhold "all garnishable wages payable" to Defendant Hanna to satisfy the $700,000.00 judgment plus $630.00 in post-judgment interest. (Writ of Garnishment, ECF No. 309; Application for Writ of Garnishment, ECF No. 308.)

violated the terms of the Writ.[2] Accordingly, Plaintiff's Motion for Contempt (ECF No. 336) is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 8th day of February, 2022 that Plaintiff's Motion for Contempt (ECF No. 336) is DENIED WITHOUT PREJUDICE.

_____/s/_____
Richard D. Bennett
United States District Judge

---

[2] *See, e.g., Rollins Ranches LLC v. Watson*, No. 0:18-3278-SAL-SVH, 2020 U.S. Dist. LEXIS 151101, at *2 (D.S.C. Aug. 20, 2020) ("At this time, Plaintiff's motion for contempt and sanctions is denied without prejudice for renewal should Defendant's action warrant such a filing").