IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN YOUNGER, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-16-3269 |
| JEMIAH L. GREEN *et al.*, | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This 42 U.S.C. § 1983 litigation stems from a brutal prison guard attack on September 30, 2013 by three correctional officers—Sergeant Jemiah Green ("Green"), Sergeant Kwasi Ramsey ("Ramsey"), and Officer Richard Hanna ("Hanna")—at the Maryland Reception, Diagnostic & Classification Center ("MRDCC") in Baltimore, Maryland on inmates including Plaintiff Kevin Younger ("Plaintiff" or "Younger"). (ECF No. 140)[1] Through his Amended Complaint, Younger sued the assaulting correctional officers, as well as three supervisory employees: former MRDCC Warden Tyrone Crowder ("Crowder"), Major Wallace Singletary ("Singletary"), and Lieutenant Neil Dupree ("Dupree"). (*Id.*) While the Court granted summary judgment in favor of Singletary, (ECF No. 245), Younger's § 1983 claims against Crowder and Dupree (Count I) and against Ramsey, Green, and Hanna (Count II) proceeded to a ten-day jury trial. (ECF Nos. 239–244, 249, 251, 254–255.) On

---

[1] For clarity, this Memorandum Opinion cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated. Likewise, this Memorandum Opinion cites to the ECF generated document number, rather than the exhibit number provided by the parties' various submissions.

1

February 4, 2020, the jury returned a verdict in favor of Younger, finding the five remaining co-Defendants Green, Ramsey, Hanna, Crowder, and Dupree liable under § 1983 for violating the Fourteenth Amendment's due process protections and awarded Younger $700,000 in damages. (ECF No. 265.) Various motions and appeals followed thereafter. Ultimately, the United States Court of Appeals for the Fourth Circuit affirmed the judgment.

Presently pending in the above-captioned case is Plaintiff Kevin Younger's Petition for Attorneys' Fees and Litigation Costs (the "Petition") (ECF No. 396). Through this Petition, Plaintiff initially sought $490,449.20 in attorneys' fees and litigation costs in the amount of $33,676.89. (*Id.* at 4–18.) Of the five Defendants, only two filed written responses, with Ramsey filing a *pro se* Response (ECF No. 397) and Crowder filing a Response through counsel (ECF No. 398). Ramsey "petition[s] to not pay," citing the "American rule" that each party pays their own attorneys' fees and litigation costs, "regardless of whether they win or lose the case." (ECF No. 397 at 1–2.) Ramsey's filing disregards the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which allows prevailing parties in civil rights cases—such as Younger—to seek reimbursement for attorneys' fees so long as those fees are reasonable. While Crowder does not contest that Younger was a prevailing party in a suit brought under 42 U.S.C. § 1983—and thus entitled to attorneys' fees pursuant to 42 U.S.C. § 1988—he objects to the legal fee rate; identifies time billed relating to state court litigation (23.4 hours), post-trial motions and appeals filed by other Defendants (258.4 hours), and alleged overbilling (55.3 hours); and asserts that the co-Defendants are entitled to a credit of 25% of the judgment awarded in this case. (ECF No. 398 at 2–8.) In his Reply, Plaintiff agrees in principle with Defendant Crowder's objection to the rate, but not with the proposed revised rate suggested

2

by Crowder; agrees that the 23.4 hours relating to state court litigation should not have been included in the Petition; and agrees that the co-Defendants are entitled to a credit for 25% of the judgment (or $175,000) against the total attorneys' fee award. (ECF No. 399 at 2–8.) Accordingly, through his Reply, Younger amends his request to $257,344.60 in attorneys' fees and litigation costs in the amount of $33,676.89. (*Id.* at 8.)

The parties' submissions have been reviewed and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the following reasons, Plaintiff Kevin Younger's Petition for Attorneys' Fees and Litigation Costs (ECF No. 396) is GRANTED. Specifically, attorneys' fees and costs are awarded to Plaintiff Kevin Younger in the amounts of $257,344.80 and $33,676.89, respectively.

## BACKGROUND

The background of this case has been discussed previously in several Memorandum Opinions and Memorandum Orders of this Court. (*See* ECF Nos. 72 (addressing motions to dismiss), 188 (addressing motions to dismiss), 217 (addressing motions for summary judgment), 313 (addressing various post-trial motions, including motions for remittitur), 347 (addressing motion for contempt), 390 (addressing various post-trial motions, including Plaintiff's first motion for attorneys' fees and a motion to stay the enforcement of garnishment). In brief, this case arises out of a brutal prison guard attack by MRDCC correctional officers Green, Ramsey, and Hanna on inmates including Younger on September 30, 2013. (ECF No. 140)

On September 28, 2016, Younger initiated the instant law suit against his assailants, Green, Ramsey, and Hanna, as well as their supervisors, Crowder, Dupree, and Singletary, as

well as the State of Maryland and former Public Safety Secretary Stephen T. Moyer ("Moyer"), (ECF No. 1), though Plaintiff's claims against the State of Maryland and Moyer were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 72, 73.) On July 30, 2019, Younger filed an Amended Complaint (ECF No. 140), wherein he advanced various claims under 42 U.S.C. § 1983, Article 24 of the Maryland Declaration of Human Rights, and Maryland common law against the remaining Defendants—Green, Ramsey, Hanna, Crowder, Dupree, and Singletary. (*Id.*) After additional motions to dismiss were denied, (ECF Nos. 188, 189), the parties conducted extensive discovery and filed numerous motions. While the Court granted summary judgment in favor of Singletary (ECF No. 245) and Plaintiff stipulated to voluntary dismissal his claims under Article 24 of the Maryland Declaration of Human Rights and Maryland common law (ECF No. 246), Younger's § 1983 claims against Crowder and Dupree (Count I) and against Ramsey, Green, and Hanna (Count II) proceeded to a ten-day jury trial. (ECF Nos. 239–244, 249, 251, 254–255.) On February 4, 2020, the jury returned its verdict in favor of Younger, finding the five co-Defendants liable under § 1983 for violating the Fourteenth Amendment's due process protections and awarded Younger $700,000 in damages. (ECF No. 265.)

On February 18, 2020, Younger filed his first Petition for Attorneys' Fees and Litigation Costs ("first Petition for Attorneys' Fees and Costs") (ECF No. 268), wherein he requested attorneys' fees in the amount of $241,501.48 and litigation costs in the amount of $27,203.87 as the prevailing party in this action pursuant to 42 U.S.C. § 1988. (ECF No. 268.) The next day, Crowder moved to stay the enforcement of the judgement (ECF No. 269), which was followed by a similar motion by Dupree (ECF No. 273). On February 21, 2020,

4

Ramsey filed a Notice of Appeal, (ECF No. 270), which was followed by an appeal by Green on February 27, 2020. (ECF No. 276.) On March 2, 2020, Crowder filed a "Rule 50(b) Motion for Judgment or, in the Alternative, for Remittitur" (ECF No. 279), Ramsey filed a *pro se* Motion to Stay Enforcement of Judgment (ECF No. 280), and Dupree filed a Motion for Remittitur (ECF No. 282). On April 7, 2020, the Court docketed an Order (ECF No. 297) that, among other things, denied without prejudice Plaintiff's first Petition for Attorneys' Fees and Costs (ECF No. 268) pending the outcome of the various appeals, and granted Crowder and Dupree's motions to stay the enforcement of the judgment (ECF Nos. 269, 273).

On February 17, 2021, this Court denied Crowder and Dupree's post-trial motions (ECF Nos. 313, 314), and they both filed notices of appeal on March 18, 2021 (ECF Nos. 317, 318). On July 30, 2021, the Fourth Circuit dismissed Green and Ramsey's appeals. (ECF Nos. 337, 338.) On March 11, 2022, the Fourth Circuit dismissed Dupree's appeal. (ECF No. 349.) While Dupree's petition for a writ of certiorari and Crowder's appeal to the Fourth Circuit were pending, Plaintiff filed a Renewed Petition for Attorneys' Fees and Litigation Costs ("second Petition for Attorneys' Fees and Costs") (ECF No. 357) on April 28, 2022. On March 9, 2023, this Court docketed a Memorandum Order (ECF No. 390) that, among other things, denied without prejudice Plaintiff's second Petition for Attorneys' Fees and Costs (ECF No. 357) as the Supreme Court had granted Dupree's petition for certiorari.

On May 25, 2023, the Supreme Court remanded Dupree's case to be considered on the merits by the Fourth Circuit. *Dupree v. Younger*, 598 U.S. 729 (2023). The Fourth Circuit applied *Dupree* in its decision in Crowder's appeal affirming the judgment in Younger's favor on August 24, 2023. *Younger v. Crowder*, 79 F.4th 373 (4th Cir. 2023).

5

On September 28, 2023, while Dupree's appeal was pending, Younger filed the instant Petition for Attorneys' Fees and Litigation Costs (ECF No. 396). Through this Petition, Plaintiff sought $490,449.20 in attorneys' fees and litigation costs in the amount of $33,676.89. (*Id.* at 4–18.) On October 5, 2023, Ramey filed his *pro se* response, which he titled "*Pro Se* Defendant's Petition to Not Pay Plaintiff's Attorney[s'] Fees and Litigation Costs. (ECF No. 397.) Ramsey "petition[s] to not pay," citing the "American rule" that each party pays their own attorneys' fees and litigation costs, "regardless of whether they win or lose the case." (*Id.* at 1–2.) As noted *supra*, Ramsey's filing disregards the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which allows prevailing parties in civil rights cases—such as Younger— to seek reimbursement for attorneys' fees so long as those fees are reasonable.

On October 10, 2023, Crowder filed a response through counsel. (ECF No. 398.) While Crowder does not contest that Younger was a prevailing party in a suit brought under 42 U.S.C. § 1983—and thus entitled to attorneys' fees pursuant to 42 U.S.C. § 1988—he objects to the legal fee rate; identifies time billed relating to state court litigation (23.4 hours), post-trial motions and appeals filed by other Defendants (258.4 hours), and alleged overbilling (55.3 hours); and asserts that the co-Defendants are entitled to a credit of 25% of the judgment awarded in this case. (ECF No. 398 at 2–8.) In Younger's Reply filed October 18, 2023, Plaintiff agrees in principle with Defendant Crowder's objection to the rate, but not with the proposed revised rate suggested by Crowder; agrees that the 23.4 hours relating to state court litigation should not have been included in the Petition; and agrees that the co-Defendants are entitled to a credit for 25% of the judgment (or $175,000) against the total attorneys' fee award. (ECF No. 399 at 2–8.) Accordingly, through his Reply, Younger amends his request to

6

$257,344.60 in attorneys' fees and litigation costs in the amount of $33,676.89. (*Id.* at 8.) On June 17, 2024, the Fourth Circuit affirmed the judgment in Younger's favor in Dupree's appeal.[2] (ECF No. 402.) Plaintiffs' Petition (ECF No. 396) is now ripe for review.

## STANDARD OF REVIEW

In 1976, Congress passed the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which provides that a court, within its discretion, may award reasonable attorneys' fees to a prevailing party in any action enforcing 42 U.S.C. § 1983. "The purpose of [Section] 1988 is to ensure effective access to the judicial process" for persons with civil rights grievances. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quotation marks and citation omitted). The scope of most § 1983 fee awards is guided by the Supreme Court's *Hensley* decision, in which the Court created a multi-step analysis for assessing fees. *Id.* at 434–40. To determine an attorneys' fee award under § 1988(b), courts apply a three-step process:

> First, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate . . . Next, the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.

*McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013).

Although *Hensley* remains good law and is controlling in most § 1983 cases, the enactment of the Prison Litigation Reform Act ("PLRA") displaced *Hensley* in actions brought by prisoners, such as the instant action. The PLRA limits (1) awards to fees "directly and reasonably incurred in proving an actual violation of the plaintiff's rights;" (2) the amount of

---

[2] Dupree subsequently filed a petition for rehearing en banc, which the Fourth Circuit recently denied on August 12, 2024. (ECF No. 404.) While a mandate has not yet issued in Dupree's appeal—as Dupree's filing of the petition for rehearing en banc stays the mandate until the petition is ruled on pursuant to Fed. R. App. P. 41(b)—it is of little import to the matter instantly before this Court.

attorneys' fees recoverable by a prevailing party in a § 1983 case filed by a prisoner, and (3) the hourly rate by which the court may calculate such reasonable fees. 42 U.S.C. § 1997e(d)(1)–(3). Unlike *Hensley*, the PLRA excludes unsuccessful claims even if they are based on related legal theories or share a "common core of facts" with a successful claim. *See* H.R. Rep. No. 104-21 at 28 (noting the PLRA's "[n]arrowing the definition of 'prevailing party' will eliminate . . . attorney fees incurred in litigating unsuccessful claims, regardless of whether they are related to meritorious claims").

As the Fourth Circuit explained in *McAfee v. Boczar*, 738 F.3d 81 (4th Cir. 2013), "[t]he proper calculation of an [attorneys'] fee award involves a three-step process. First, the court must "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.* at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). Although the PLRA alters the lodestar in prisoner civil rights cases, the standard broadly governing when to give enhancements under § 1988 applies equally to PLRA cases, notwithstanding the PLRA's cap on the hourly rate used in the lodestar calculation. 42 U.S.C. § 1997e(d)(3) (requiring that hourly rate be capped at 150% of rate used for appointed counsel under the Criminal Justice Act, 18 U.S.C. § 3006A). In assessing reasonableness, the United States Court of Appeals for the Fourth Circuit has instructed district courts to consider what are known as the *Johnson*[3] factors, which are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation;

---

[3] In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), a Title VII case, the Fifth Circuit listed twelve factors that a federal district court judge must consider in awarding reasonable fees. *Id.* at 717–19.

(5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Id.* at 88 n.5 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). "Next, the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.' Finally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id.* (quoting *Robinson*, 560 F.3d at 244). The Fourth Circuit has noted that a district court's determination of attorneys' fees should stand unless the district court abused its discretion by reaching a decision that is "clearly wrong" or committing an "error of law." *Id.* at 88 (quoting *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

## ANALYSIS

Through Younger's most recent submission to this Court, he seeks to recover $257,344.60 in attorneys' fees and litigation costs in the amount of $33,676.89.

### I. Attorneys' Fees

### A. Younger Is Entitled to Attorneys' Fees

As Younger was the prevailing party in an action involving 42 U.S.C. § 1983, he is entitled to reasonable attorneys' fees and costs under 42 U.S.C. § 1988, subject to the cap in 42 U.S.C. § 1997e. Having concluded that Younger is entitled to attorneys' fees, this Court must next calculate the proper amount to award. *See Feldman v. Pro Football, Inc.*, 806 F. Supp.

9

2d 845, 847 (D. Md. 2011).

### B. PLRA's Application

As noted, the PLRA applies to Younger's case, as 42 U.S.C. § 1997e applies to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney[s'] fees are authorized under section 1988 of" Title 42 of the United States Code. As a consequence of the PLRA's application to this case, the Court's process in determining the attorneys' fees is adjusted in two ways: (1) the most Younger can recover in attorneys' fees is 150% of the total damages award—in this case, $1,050,000, *see Wilkins v. Gaddy*, 734 F.3d 344, 349 (4th Cir. 2013); and (2) in calculating the lodestar, the Court must apply the PLRA-capped rate of "150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). With respect to the latter, 18 U.S.C. § 3006A(d) provides that the Judicial Conference can set such rates.

### C. Lodestar Calculation

To begin, the Court must calculate the lodestar by multiplying a reasonable number of hours worked by the reasonable hourly rate. As noted above, the Court must implement the use of the PLRA-capped hourly rates. The chart below ("Attorney Rates") provides the maximum hourly rates for work done by court-appointed counsel in 2015 through 2023 and calculates 150% of each of those rates.

| Attorney Rates | | |
|---|---|---|
| Services Performed Between | CJA Maximum Hourly Rate | 1.5x CJA Maximum Hourly Rate |
| 01/01/2015 through 12/31/2015 | $127.00 | $190.50 |
| 01/01/2016 through 05/04/2017 | $129.00 | $193.50 |
| 05/05/2017 through 03/22/2018 | $132.00 | $198.00 |
| 03/23/2018 through 02/14/2019 | $140.00 | $210.00 |
| 02/15/2019 through 12/31/2019 | $148.00 | $222.00 |
| 01/01/2020 through 12/31/2020 | $152.00 | $228.00 |
| 01/01/2021 through 12/31/2021 | $155.00 | $232.50 |
| 01/01/2022 through 12/31/2022 | $158.00 | $237.00 |
| 01/01/2023 through 12/31/2023 | $164.00 | $246.00 |

See U.S. COURTS, GUIDE TO JUDICIARY POLICY § 230.16, available at https://www.uscourts.gov/sites/default/files/guide-vol07a-ch02.pdf (PDF).

While Younger did not include any time for administrative staff or paralegals in his Petition, he does include time for law clerks. Specifically, Plaintiff submits 164.2 hours at the proposed rate of $160 per hour. The PLRA is silent with respect to fees allowed to law clerks. *Perez v. Cate*, 632 F.3d 553, 558 (9th Cir. 2011). While the Plaintiff's proposed rate of $160 per hour for law clerks is slightly higher than the rate set forth in the Local Rules of this Court, *See* Appendix B to the Local Rules (D. Md. 2023) for paralegals and law clerks, the Court finds that this rate—which is not contested—is consistent with prevailing market rates in the District of Maryland.

Next, the Court must address the reasonableness of hours billed. Through this Petition (ECF No. 396), as amended by his Reply (ECF No. 399), Plaintiff reported (1) attorney hours in the following amounts: 0.4 hours of services performed in 2015; 16.8 hours of services performed in 2016; 145 hours of services performed in 2017; 38.3 hours of services performed in 2018; 400.5 hours of services performed in 2019; 551 hours of services performed in 2020;

11

376 hours of services performed in 2021; 131.2 hours of services performed in 2022; and 133.9 hours of services performed in 2023; as well as law clerk hours totaling 164.2 hours. (*See* ECF Nos. 396, 399.) The Court is persuaded that the tasks performed by the attorneys from Whiteford Taylor and Preston and Furman Honick Law as well as law clerks were done reasonably and that the time claimed for these tasks was not unduly excessive. These reported hours are detailed in the chart below ("Reasonable Hours and Calculation of Lodestar") and applied to the PLRA-capped hourly rates and law clerk rate discussed *supra* to calculate a lodestar of $432,344.80.

| Reasonable Hours and Calculation of Lodestar | | | |
|---|---|---|---|
| Attorneys from Whiteford Taylor and Preston and Furman Honick Law | | | |
| Services Performed Between | PLRA-Capped Hourly Rates | Attorney Hours | Total |
| 01/01/2015 through 12/31/2015 | $190.50 | 0.40 | $76.20 |
| 01/01/2016 through 05/04/2017 | $193.50 | 16.80 | $3,250.80 |
| 05/05/2017 through 03/22/2018 | $198.00 | 145.00 | $28,710.00 |
| 03/23/2018 through 02/14/2019 | $210.00 | 38.30 | $8,043.00 |
| 02/15/2019 through 12/31/2019 | $222.00 | 400.50 | $88,911.00 |
| 01/01/2020 through 12/31/2020 | $228.00 | 551.00 | $125,628.00 |
| 01/01/2021 through 12/31/2021 | $232.50 | 376.00 | $87,420.00 |
| 01/01/2022 through 12/31/2022 | $237.00 | 131.20 | $31,094.40 |
| 01/01/2023 through 12/31/2023 | $246.00 | 133.90 | $32,939.40 |
| | | Subtotal | $406,072.80 |
| Law Clerks | | | |
| Services Performed Between | Hourly Rate | Hours | Total |
| N/A | $160.00 | 164.2 | $26,272.00 |
| | | Subtotal | $26,272.00 |
| | | Net Total | $432,344.80 |

With the final lodestar calculated, the Court must now calculate a percentage of the lodestar "depending on the degree of success enjoyed by the plaintiff" as the final calculation for the reasonable attorneys' fee. *McAfee*, 738 F.3d at 88. "There is a strong presumption that

the lodestar" is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). The Court believes the lodestar is sufficient without further adjustment.

For all these reasons, an attorneys' fee award of $432,344.80 is required by 42 U.S.C. § 1988 and § 1997e. But that does not end the matter, as the PLRA provides that "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." 42 U.S.C. § 1997e(d)(2). The Court does not have discretion in this apportionment: "district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney[s'] fees." *Murphy v. Smith*, 583 U.S. 220, 228 (2018). Therefore, Younger—who was awarded $700,000 in damages—must pay $175,000 from his judgment, and Defendants Crowder, Dupree, Ramsey, Green, and Hanna must pay the remainder—i.e., $257,344.80.

## II.     Litigation Costs

Younger also requests reimbursement of $33,676.89 in litigation costs. A prevailing party is entitled to reasonable litigation expenses under Section 1988. *Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986). As Judge Chasanow previously noted in *Overbey v. Mayor & City Council of Baltimore*, U.S. Dist. LEXIS 133973 (D. Md. July 19. 2021), "[c]osts that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Id.* at *34 (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). The litigation costs sought are reasonable and will be awarded in the full amount requested.

## CONCLUSION

For the reasons stated above, Plaintiff's Petition for Attorneys' Fees and Litigation Costs (ECF No. 396) is GRANTED. Specifically, attorneys' fees and costs are awarded to Plaintiff in the amounts of $257,344.80 and $33,676.89, respectively.

A separate Order follows.

Date: August 15, 2024   _____/s/_____
Richard D. Bennett
United States Senior District Judge